IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Metropolitan Washington Airports Authority, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| C. Ray Davenport, Commissioner, | ) | |
| Virginia Department of Labor and Industry, | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT AND REQUEST FOR
DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, the Metropolitan Washington Airports Authority (the "Airports Authority"), for its causes of action against C. Ray Davenport, Commissioner of the Virginia Department of Labor and Industry ("Commissioner"), alleges and states as follows:

I.      INTRODUCTION

1.      The Airports Authority is a "public body corporate and politic and independent of all other bodies," created pursuant to an interstate compact between the Commonwealth of Virginia and the District of Columbia, as approved by Congress pursuant to its authority under the Compact Clause of the United States Constitution (art I, § 10, cl. 3).

2.     The compact creating the Authority is codified at Va. Code § 5.1-152 *et. seq.* and D. C. Code § 9-901 *et. seq.* (the "Compact").

3.     Under well-established federal law, interstate compact entities like the Airports Authority are not entities of either state which compacted to create them, but rather are independently functioning bodies, to which the compacting states have surrendered a portion of their state sovereignty in order to better serve a regional interest.

4.     As such, again under well-established federal law, interstate compact entities like the Airports Authority are not subject to the unilateral control of either state government which contributed to their creation but are subject only to federal law and to the terms of the compact which created them.

5.     Nevertheless, Davenport, in his capacity as the Commissioner of the Virginia Department of Labor and Industry ("DOLI") has attempted to enforce Virginia Occupational Safety and Health (VOSH) regulations against the Airports Authority by issuing a citation against the Authority in violation the Compact.

6.     Accordingly, the Airports Authority requests that this honorable court enjoin Davenport from enforcing DOLl's state-based regulations against the Airports Authority and declare that the Authority is not subject to such enforcement.

## II.     PARTIES

7.     The Airports Authority is an interstate compact agency created pursuant to a compact between the Commonwealth of Virginia and the District of Columbia and approved by

the United States Congress.  Its headquarters are at 2733 Crystal Drive, Arlington, Virginia, 22202.

8.      C. Ray Davenport is the Commissioner of the Virginia Department of Labor and Industry, with his office at 600 Main Street, Richmond, Virginia 23219.

## III.   JURISDICTION AND VENUE

9.      This action is brought pursuant to the Compact Clause of the United States Constitution, in order to determine the rights of an interstate compact agency created by compact between the Commonwealth of Virginia and the District of Columbia and approved by Congress.

10.     The construction of an interstate compact that has been consented to by Congress pursuant to the Compact Clause presents a federal question.

11.     The Airports Authority further seeks declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

12.     As such, jurisdiction is based upon 28 U.S.C. § 1331, granting original jurisdiction for all civil actions arising under the Constitution and the laws of the United States to the federal district courts.

13.     Venue is properly laid in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391, as all claims arise from events which took place in this district.  The Alexandria Division is the appropriate division of this Court to adjudicate this matter, as all of the events involving the issuance of the citation took place in Loudoun County and the Airports Authority is headquartered in Arlington County.

## IV.     FACTS

### A.     The Metropolitan Washington Airports Authority

14.     The Airports Authority is an interstate compact agency, created by action of the Commonwealth of Virginia and the District of Columbia, as approved by Congress.  See Va. Code § 5.1-152 *et seq*., and D.C. Code § 9-901 *et. seq*.  It is "a public body corporate and politic and independent of all other bodies."  Va. Code § 5.1-153 and D.C. Code § 9-902. The Airports Authority was established "solely to operate and improve both metropolitan Washington airports as primary airports serving the metropolitan Washington area and shall be independent of the Commonwealth and its local political subdivisions…." Va. Code § 5.1-156.B and D.C. Code § 9-905.

15.     To that end, the Compact granted the Airports Authority broad authority to "plan, establish, operate, develop, construct, enlarge, maintain, equip and protect the airports" and has the power "to do all acts and things necessary or convenient to carry out the powers expressly granted in [the Compact]."  Va. Code §§ 5.1-156.A.2, 5.1-156.A.16 and 5.1-175 and D.C. Code §§ 9-905(a)(2), 9-905(a)(15) and 9-924.

16.     The Compact also explicitly empowers the Airports Authority to regulate the safety of its facilities for its employees, empowering the Airports Authority to regulate "its affairs and the conduct of its business" and adopt rules and regulations "pertaining to the use, maintenance and operation of its facilities and governing the conduct of persons and organizations using its facilities."  Va. Code Ann. §§ 5.1-156.A.1 and  5.1-157.A and D.C. Code §§ 9-905(a)(1) and 9-906.

**B.** **Commissioner Davenport's Attempted Enforcement of State Regulations Against the Airports Authority**

17.     Recently, DOLI, upon information and belief under the direction of Davenport, has attempted to enforce its regulations against the Airports Authority and to impose monetary fines against it.

18.     On April 28, 2020, an Airports Authority employee, employed at 45011 Compass Court, Dulles, Virginia, at Dulles International Airport (Dulles or IAD) was performing preventive maintenance on equipment and sustained a partial amputation of the pinky finger and tendon damage to the ring and middle fingers on the right hand.  The employee had successful surgery although the amputated portion could not be reattached.

19.     The Airports Authority timely reported this to the federal Occupational Safety and Health Administration within the required 24 hours and the matter was referred to DOLI.

20.     On June 23, 2020, DOLI issued a Citation (Inspection Number 1473778) (the Citation) to the Airports Authority, containing two separate items, specifying violations of several provisions of 29 CFR 1910.147 and of 16 VAC 25-60-130.  For each of the two separate items, a penalty of $13,047 was proposed for a total of $26,094.

21.     The Airports Authority promptly abated all of the violations, completed the required postings and timely informed DOLI.

22.     The Airports Authority has consistently taken the position that as an interstate compact agency it is not subject to the jurisdiction of the Department of Labor of Industry (DOLI).  The Airports Authority has taken the position that its voluntary compliance with DOLI procedures does not waive, relinquish, or abrogate its statutory grant of independence. See Attachment 3, ¶ 10.

23.     The Airports Authority timely appealed the issuance of the Citation to the Commissioner and requested that the appeal be processed pursuant to Va. Code § 2.2-4020.1. The Commissioner approved the Airports Authority's request.

24.     The appeal presented two issues as described by the Commissioner: (1) whether the Airports Authority is a "public employer" for the purposes of 16 VAC 25-60-10 and thereby subject to DOLI's jurisdiction (the statutory construction issue which is the subject of an action to be filed in the Circuit Court of Arlington County) and (2) whether the Airports Authority is immune from the VOSH statutes and implementing regulations due to its status as an interstate compact (the immunity issue, which is the subject of the instant civil action).

24.     On September 15, 2021, the Commissioner issued a Final Agency Decision (Attachment 1), denying the Airports Authority's appeal of the Citation.

25.     On October 14, 2021, the Airports Authority timely served upon the Commissioner and his attorney its Notice of Appeal in accordance with Va. Code §2.2-4026 and Rule 2A:2 of the Rules of the Supreme Court of Virginia.  (Attachment 2).  In its Notice of Appeal, the Airports Authority asserted that it "intends to reserve all issues relating to its immunity from Virginia Department of Labor and Industry jurisdiction under the Interstate Compact which created it (section 3 of the decision) for review in federal and will be filing suit in federal court to assure a federal forum for these issues."

**COUNT I: DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

26.     The Authority incorporates each and every one of the preceding paragraphs as if set forth herein at length.

27.     There is a genuine and bona fide dispute and actual controversy and disagreement between the Airports Authority and the Commissioner regarding the enforceability of VOSH law and regulations against the Airports Authority.

28.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Airports Authority requests that this Court determine the rights and legal relations between the Airports Authority and the Commissioner, and declare the following:

a)      The Airports Authority is an interstate compact entity created by Compact entered into by the Commonwealth of Virginia and the District of Columbia, and approved by the United States Congress;

b)      Federal law prohibits the enforcement of state law not contained in the Compact itself against the Airports Authority without the express reservation of such regulatory power in the Compact;

c)      The Compact does not contain a reservation of power for the Commissioner to enforce occupational safety ad health laws against the Airports Authority;

d)      The Commissioner has no authority to enforce either VOSH statutes or DOLI's regulations, which are predicated on state law, against the Airports Authority;

e)      VOSH does not apply to the Airports Authority and the Commissioner lacks jurisdiction to impose a monetary citation upon the Airports Authority.

WHEREFORE, the Airports Authority requests this Court enter judgment in its favor:

Declaring that the Commissioner has no authority to enforce VOSH law or regulation against the Airports Authority absent express language in the Compact itself, and declaring that

7

the Commissioner has no authority under state law to impose a monetary citation upon the

Airports Authority and

     Entering a permanent injunction enjoining the Commissioner from enforcing those same

regulations or issuing a monetary citation upon the Airports Authority.

     Granting such other and further relief as the Court may deem appropriate.




                                 Respectfully submitted,

                                 METROPOLITAN WASHINGTON
                                 AIRPORTS AUTHORITY

                                 By:  /s/ Bruce P. Heppen

                                 Bruce P. Heppen (VSB No. 88918)
                                 Associate General Counsel
                                 Metropolitan Washington
                                 Airports Authority
                                 2733 Crystal Drive
                                 Arlington, VA 22202
                                 Bruce.heppen@mwaa.com
                                 703-417-8983
                                 202-997-1890 (c)